# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE MIDDLE DISTRICT OF ALABAMA
# NORTHERN DIVISION

| | | |
|---|---|---|
| In re | ) | Case No. 05-34286 |
| | ) | |
| PRICE OIL, INC., *et al.* | ) | Chapter 11 Proceedings |
| | ) | Jointly Administered |
| Debtors. | ) | |

## APPLICATION FOR ORDER AUTHORIZING AND APPROVING THE EMPLOYMENT OF PACHULSKI, STANG, ZIEHL, YOUNG, JONES & WEINTRAUB P.C. AS ATTORNEYS FOR THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS

The Official Committee of Unsecured Creditors (the "Committee") appointed in the bankruptcy case of the above-captioned debtors (the "Debtors"), hereby submits this application to employ Pachulski, Stang, Ziehl, Young, Jones & Weintraub P.C. ("PSZYJW" or the "Firm") as bankruptcy counsel to the Committee (the "Application"), as of January 11, 2006. This Application is brought pursuant to sections 328 and 504, 1102 and 1103 of Title 11 of the United Sates Code (the "Bankruptcy Code"), Rules 2014, 2016 and 5002 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"). In support of the Application, the Committee respectfully represents as follow:

### Jurisdiction

1. The Court has jurisdiction over this Application pursuant to 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A).

2. Venue of this proceeding and this Application is proper in this District pursuant to 28 U.S.C. §§ 1408 and 1409.

3. The statutory predicates for the relief sought herein are sections 328, 504, 1102

and 1103 of the Bankruptcy Code.

## Background

4. On December 22, 2005 (the "Petition Date"), the Debtors filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code. The Debtors, as debtors and debtors in possession, continue to operate their businesses and manage their properties pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

5. On January 20, 2006, the Court entered an Amended Order Appointing Creditors' Committee (the "Order") submitted by the Office of the Bankruptcy Administrator of the United States Bankruptcy Court for the Middle District of Alabama, Northern Division (the "Bankruptcy Administrator"). The Committee's members are Citgo Petroleum Corp.; Marathon Petroleum Company, LLC; Coca-Cola Enterprises, Inc.; Petry; ExxonMobil and BP Products North America, Inc. ExxonMobil serves as chairperson of the Committee (the "Chair").

## Relief Requested

6. By this Application, the Committee seeks to employ and retain PSZYJW, as of January 11, 2006, as its general bankruptcy counsel in connection with the Debtors' chapter 11 bankruptcy cases and for the performance of legal services as more fully set forth below. The Committee understands that the Firm will seek compensation from the Debtors' bankruptcy estates at a discounted hourly rate for attorneys and paraprofessionals, as modified below, and reimbursement of expenses incurred on the Committee's behalf, subject to prior Court approval.

7. The Committee seeks to retain the Firm as its general bankruptcy counsel because of the Firm's extensive experience and knowledge in the field of debtor's and creditors' rights and business reorganizations under chapter 11 of the Bankruptcy Code, and extensive

representation of creditors' committees, debtors and other constituencies in numerous cases nation-wide.

8. Subject to Court approval in accordance with Bankruptcy Code § 330(a), compensation will be payable to the Firm on an hourly rate basis using the rates set forth below, which have been discounted, as noted, from its standard hourly rates, plus reimbursement of actual, necessary expenses and other charges incurred by the Firm as agreed to between the Firm and the Committee. The principal attorneys presently designated to represent the Committee and the current hourly rates to be charged for services in this case are:

| **Name** | **Position** | **Rate** |
| --- | --- | --- |
| Marc A. Beilinson | Shareholder | $500[1] |
| Jonathan J. Kim | Of Counsel | $350[2] |

Paralegal, Jorge E. Rojas, is also expected to render services on this engagement, and his current hourly rate is $120. The foregoing rates are subject to periodic adjustments to reflect economic and other conditions. The Firm may use other attorneys and paraprofessionals during the course of the case that it deems appropriate.

9. The hourly rates set forth above, noted as discounted, have been reduced, for this particular engagement, from the Firm's standard hourly rates for work of this nature. Generally, the Firm's rates are set at a level designed to fairly compensate the Firm for the work of its attorneys and paraprofessionals and to cover fixed and routine overhead expenses. However, the Firm has agreed to discount its hourly rates to the extent provided above in order to reduce administrative expenses associated with this case. Further, while the Firm does generally charge

---

[1] Mr. Beilinson's standard hourly rate in other bankruptcy and non-bankruptcy matters is $625.
[2] Mr. Kim's standard hourly rate in other bankruptcy and non-bankruptcy matters is $395.

for non-working travel time incurred on an engagement, the Firm will not bill for any non-working travel time in this case. With respect to expenses, the expenses typically charged by the Firm to clients include, among other things, facsimile charges, mail and express mail charges, special or hand delivery charges, document retrieval, photocopying charges, charges for mailing supplies (including, without limitation, envelopes and labels) provided by the Firm to outside copying services for use in mass mailings, travel expenses, expenses for "working meals," computerized research, transcription costs, charges related to conference calls hosted by the Firm, as well as non-ordinary overhead expenses such as secretarial and other overtime. The Firm does not charge its clients for long distance telephone charges made from the Firm's offices or cellular telephones. The Firm will charge the Debtors' estates for these expenses in a manner and at rates consistent with charges made generally to the Firm's other clients. With respect to its general expense practices, the Firm believes that it is more fair to charge these expenses to the clients incurring them than to increase the hourly rates and spread the expenses among all clients.

10. The professional services that the Firm will render to the Committee include, but shall not be limited to, the following:

a. provide legal advice and assistance to the Committee in its consultation and communications with the Debtors as to the administration of this case, proposed transactions, the resolution of this case, and any other matters related to these proceedings;

b. represent the Committee at hearings held before the Court and communicate with the Committee regarding the issues raised, as well as the decisions of the Court;

c. assist and advise the Committee in its examination and analysis of the

conduct of the Debtors' affairs and this case;

  d. review and analyze all applications, motions, orders, statements of operations and schedules filed with the Court by the Debtors or third parties, advise the Committee as to their propriety, and, after consultation with the Committee, take appropriate action;

  e. assist the Committee in preparing applications, motions and orders in support of positions taken by the Committee, as well as prepare witnesses and review documents in this regard;

  f. confer with any other professionals retained by the Committee, if any are selected and approved, so as to advise the Committee and the Court more fully of the Debtor's operations;

  g. assist the Committee in its negotiations with the Debtors and other parties-in-interest concerning applicable matters in this;

  h. assist the Committee in its consideration of any plan of reorganization proposed by the Debtors or other parties-in-interest as to whether it is in the best interest of creditors and is feasible;

  i. assist the Committee with such other services as may contribute to the confirmation of a plan of reorganization;

  j. advise and assist the Committee in evaluating and prosecuting any claims that the Debtors may have against third parties;

  k. assist the Committee in the determination of whether to, and if so, how to, sell the assets of the Debtors for the highest and best price; and

l. assist the Committee in performing such other services as may be in the interest of creditors, including, but not limited to, the commencement of, and participation in, appropriate litigation respecting the estates.

11. Neither the Firm, nor any of its shareholders, of counsel or associates, insofar as the Committee has been able to ascertain, represent any interest adverse to the Debtors, their estates, their creditors and the Committee, in the matters upon which the Firm is to be engaged. The Firm is a "disinterested person," as the Committee understands this term to be defined, within the meaning of sections 101(14) and 101(31), as modified by section 1103(b), of the Bankruptcy Code.

12. To the best of the Committee's knowledge, and except as disclosed in the annexed declaration of Marc A. Beilinson (the "Beilinson Declaration") and below, the Firm has no prior connection with the Debtors, their creditors or any other parties-in-interest, or their respective attorneys or accountants in the matters upon which the Firm is to be engaged that would in any way disqualify it from representing the Committee: The Firm represents many committees, in other bankruptcy cases, the members of which (together with the other creditors of those cases) may be creditors in these chapter 11 proceedings. However, the Firm will not represent any members of those committees in any claims that they may have collectively or individually against the Debtors. Similarly, the Firm may represent, or may have represented in the past, debtors, committees or trustees in adversary proceedings in actions against creditors of the Debtors.

13. The Committee desires to employ the Firm because of the extensive legal services that will be required in these cases and because the Committee believes that the Firm is

well qualified to act as general bankruptcy counsel on the Committee's behalf therein.

14. Since the Committee retained the services of the Firm beginning January 11, 2006, the Committee requests that any order entered authorizing such retention be effective as of said date.

## Notice

15. Notice of this Application has been given to (i) the Bankruptcy Administrator, (ii) counsel for the Debtors, (iii) counsel for Colonial Bank, and (iv) any party entering an appearance in these cases pursuant to Bankruptcy Rule 2002. The Committee believes that such notice of the Application is appropriate and sufficient.

WHEREFORE, the Committee requests entry of an Order, substantially in the form attached hereto, authorizing the Committee to employ and retain the Firm as general bankruptcy counsel effective as of January 11, 2006, and granting such other and further relief as is just and proper.

Dated: January 31, 2006

        Respectfully submitted,

        THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS

        By: ExxonMobil, Chair

        /s/ Frank Flegal
        Frank Flegel, Representative

**Proposed Counsel:**
Marc A. Beilinson (CA Bar No. 110190)
Jonathan J. Kim (CA Bar No. 180761)
Pachulski, Stang, Ziehl, Young, Jones & Weintraub P.C.
10100 Santa Monica Boulevard
Suite 1100
Los Angeles, CA 90067
Telephone: (310) 277-6910
Facsimile: (310) 201-0760
mbeilinson@pszyjw.com
jkim@pszyjw.com

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| In re | ) | Case No. 05-34286 |
| | ) | |
| PRICE OIL, INC., *et al.* | ) | Chapter 11 |
| | ) | Jointly Administered |
| Debtors. | ) | |

**DECLARATION OF DISINTERESTEDNESS OF MARC A. BEILINSON
FOR EMPLOYMENT OF PROFESSIONAL PERSON UNDER
<u>BANKRUPTCY RULE 2014</u>**

I, MARC A. BEILINSON, declare as follows:

1. I am a shareholder in the firm of Pachulski, Stang, Ziehl, Young, Jones & Weintraub P.C. (the "Firm"), with offices located at 10100 Santa Monica Blvd., 11th Floor, Los Angeles, CA 90067-4100, and have been duly admitted to practice law in the State of California. This Declaration is submitted in support of the "Application for Order Authorizing and Approving the Employment of Pachulski, Stang, Ziehl, Young, Jones & Weintraub P.C. as Attorneys for the Official Committee of Unsecure Creditors Effective as of January 11, 2006" (the "Application").

2. PSZYJ&W has checked its computerized conflict system for potential conflicts or lack of disinterestedness with regard to numerous entities, including the Debtors and their attorneys and other advisors, the Debtors' known affiliates, all unsecured creditors appearing on the Debtors' 20 largest creditors list, the Committee, Colonial Bank and Capital Bank and their attorneys, certain real property lessors of the Debtors, and the Bankruptcy Administrator. Based on this conflict check, neither I, the Firm, nor any shareholder, of counsel or associate thereof,

71102-001\DOCS_LA:149148.1

Case 05-34286    Doc 216    Filed 02/03/06    Entered 02/03/06 17:55:27    Desc Main
Document    Page 9 of 19

insofar as I have been able to ascertain, has any connection with the Debtors, their estates and creditors, or any other parties in interest herein, or their respective attorneys and accountants, the Office of the Bankruptcy Administrator (the "Bankruptcy Administrator"), or any person employed by the Bankruptcy Administrator, except as follows: The Firm represents and has represented many committees in other bankruptcy cases, the members of which (together with the other creditors of those cases) may be creditors in this chapter 11 case. However, other than representing the Committee in this case, the Firm will not represent any members of those committees in any claims that they may have collectively or individually against the Debtors. Similarly, the Firm may represent, or may have represented in the past, debtors, committees or trustees in adversary proceedings in actions against creditors of the Debtors.

3. The Firm is a "disinterested person" as that term is defined in section 101(14) of the Bankruptcy Code in that said firm, its shareholders, of counsel and associates:

    a. are not creditors, equity security holders or insiders of the Debtors;

    b. are not and were not within two (2) years before the date of the filing of the Debtors' chapter 11 petitions, a director, officer, or employee of the Debtors; and

    c. do not have an interest materially adverse to the interest of the estates or of any class of creditors or equity security holders, by reason of any direct or indirect relationship to, connection with, or interest in, the Debtors, or for any other reason

4. The Firm and certain of its shareholders, of counsel and associates may have in the past represented, and may currently represent and likely in the future will represent creditors of the Debtors in connection with matters unrelated to the Debtors and this case. At this time, the Firm is not aware of such representations except as noted above. If the Firm identifies any

further such representations, the Firm shall make further disclosures as may be appropriate at that time.

5.  The Firm intends to apply for compensation for professional services rendered in connection with this chapter 11 case subject to approval of this Court and in compliance with applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Bankruptcy Rules and any applicable Court orders, on an hourly basis, plus reimbursement of actual, necessary expenses and other charges incurred by the Firm, as described below. The principal attorneys presently designated to represent the Committee and the current hourly rates to be charged for services in this case are:

| Name | Position | Rate |
|---|---|---|
| Marc A. Beilinson | Shareholder | $500[1] |
| Jonathan J. Kim | Of Counsel | $350[2] |

Paralegal, Jorge E. Rojas, is also expected to render services on this engagement, and his current hourly rate is $120. The foregoing rates are subject to periodic adjustments to reflect economic and other conditions. The Firm may use other attorneys and paraprofessionals during the course of the case that it deems appropriate.

6.  The hourly rates set forth above, noted as discounted, have been reduced, for this particular engagement, from the Firm's standard hourly rates for work of this nature. Generally, the Firm's rates are set at a level designed to fairly compensate the Firm for the work of its attorneys and paraprofessionals and to cover fixed and routine overhead expenses. However, the Firm has agreed to discount its hourly rates to the extent provided above in order to reduce

---

[1] Mr. Beilinson's standard hourly rate in other bankruptcy and non-bankruptcy matters is $625.
[2] Mr. Kim's standard hourly rate in other bankruptcy and non-bankruptcy matters is $395.

71102-001\DOCS_LA:149148.1

-3-

administrative expenses associated with this case. Further, while the Firm does generally charge for non-working travel time incurred on an engagement, the Firm will not bill for any non-working travel time in this case. With respect to expenses, the expenses typically charged by the Firm to clients include, among other things, facsimile charges, mail and express mail charges, special or hand delivery charges, document retrieval, photocopying charges, charges for mailing supplies (including, without limitation, envelopes and labels) provided by the Firm to outside copying services for use in mass mailings, travel expenses, expenses for "working meals," computerized research, transcription costs, charges related to conference calls hosted by the Firm, as well as non-ordinary overhead expenses such as secretarial and other overtime. The Firm does not charge its clients for long distance telephone charges made from the Firm's offices or cellular telephones. The Firm will charge the Debtors' estates for these expenses in a manner and at rates consistent with charges made generally to the Firm's other clients. With respect to its general expense practices, the Firm believes that it is more fair to charge these expenses to the clients incurring them than to increase the hourly rates and spread the expenses among all clients.

7. No promises have been received by the Firm or by any shareholder, of counsel or associate thereof as to compensation in connection with this case other than in accordance with the provisions of the Bankruptcy Code. The Firm has no agreement with any other entity to share with such entity any compensation received by the Firm in connection with this chapter 11 case, except among the shareholders, of counsel and associates of the Firm.

8. By reason of the foregoing, I believe PSZYJ&W is eligible for employment by the Committee pursuant to Sections 328 and 1103 of the Bankruptcy Code and applicable Bankruptcy Rules.

Dated: February 3, 2006

                                        /s/ Marc A. Beilinson
                                        Marc A. Beilinson

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| In re | ) | Case No. 05-34286 |
| | ) | |
| PRICE OIL, INC. *et al.* | ) | Chapter 11 |
| | ) | Jointly Administered |
| Debtors. | ) | |

[PROPOSED] ORDER AUTHORIZING AND
APPROVING THE EMPLOYMENT OF PACHULSKI, STANG,
ZIEHL, YOUNG, JONES & WEINTRAUB P.C. AS ATTORNEYS FOR
THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS

Upon consideration of the application filed by the Official Committee of Unsecured Creditors (the "Committee") in the above-captioned chapter 11 case for an order pursuant to sections 328, 504, 1102 and 1103 of Title 11 of the United States Code (the "Bankruptcy Code"), and Rules 2014, 2016 and 5002 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), seeking the entry of an order authorizing the employment of Pachulski, Stang, Ziehl, Young, Jones & Weintraub P.C. as its general bankruptcy counsel effective as of January 11, 2006 (the "Application"); and upon the declaration of Marc A. Beilinson, a shareholder of the Firm, in support thereof (the "Beilinson Declaration"); and the Court being satisfied based on the representations made in the Application and in the Beilinson Declaration that said attorneys represent no interest adverse to the Debtors' estates or the Committee with respect to the matters upon which they are to be engaged, that they are disinterested persons as that term is defined under section 101(14) of the Bankruptcy Code, as modified by section 1103(b), of the Bankruptcy Code, and that their employment is necessary and would be in the best interests of

the Debtors' estate and the Committee, and after due deliberation and sufficient cause appearing therefor, it is hereby

ORDERED that the Application is granted; and it is further

ORDERED that, in accordance with Bankruptcy Code §§ 328, 504, 1102, and 1103 and Bankruptcy Rules 2014, 2016 and 5002, the Committee is authorized to employ and retain the Firm as counsel to the Committee effective as of January 11, 2006 on the terms set forth in the Application and the Beilinson Declaration; and it is further

ORDERED that the Firm shall be entitled to allowance of compensation and reimbursement of expenses, upon the filing and approval of interim and final applications pursuant to the Federal Rules of Bankruptcy Procedure, the Local Rules of this Court and such other orders as the Court may enter.

Dated: _____, 2006

                                            The Honorable Judge Dwight H. Williams Jr.

## PROOF OF SERVICE

STATE OF CALIFORNIA )
)
CITY OF LOS ANGELES )

      I, Valerie A. Ruhl, am employed in the City and County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action; my business address is 10100 Santa Monica Boulevard, 11th Floor, Los Angeles, California 90067-4100.

      On February 3, 2006, I caused to be served the **APPLICATION FOR ORDER AUTHORIZING AND APPROVING THE EMPLOYMENT OF PACHULSKI, STANG, ZIEHL, YOUNG, JONES & WEINTRAUB P.C. AS ATTORNEYS FOR THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS; DECLARATION OF DISINTERESTEDNESS OF MARC A. BEILINSON FOR EMPLOYMENT OF PROFESSIONAL PERSON UNDER BANKRUPTCY RULE 2014; AND, [PROPOSED] ORDER AUTHORIZING AND APPROVING THE EMPLOYMENT OF PACHULSKI, STANG, ZIEHL, YOUNG, JONES & WEINTRAUB P.C. AS ATTORNEYS FOR THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS** in this action by placing a true and correct copy of said document(s) in sealed envelopes addressed as follows:

*Please See Attached Service List*

☑ **(BY MAIL)** I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid at Los Angeles, California, in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

☐ **(BY FAX)** I caused to be transmitted the above-described document by facsimile machine to the fax number(s) as shown. The transmission was reported as complete and without error. (Service by Facsimile Transmission to those parties on the attached List with fax numbers indicated.)

☐ **(BY PERSONAL SERVICE)** By causing to be delivered by hand to the offices of the addressee(s).

☐ **(BY OVERNIGHT DELIVERY)** By sending by _____ to the addressee(s) as indicated on the attached list.

      I declare that I am employed in the office of a member of the bar of this Court at whose direction was made.

Executed on February 3, 2006, at Los Angeles, California.

                                            `/s/ Valerie A. Ruhl`
                                            Valerie A. Ruhl

# SERVICE LIST

| Debtor<br>Price Oil, Inc.<br>4566 Highway 20, Suite 206<br>Niceville, Florida 32578 | Debtor's Counsel<br>M. Leesa Booth<br>John P. Whittington<br>Patrick Darby<br>Bradley, Arant, Rose & White<br>1819 Fifth Avenue North<br>One Federal Place<br>Birmingham, Alabama 35203 |
|---|---|
| Counsel for Ford Motor Credit Corporation<br>Leonard N. Math<br>Chambless Math P.C.<br>P.O. Box 230759<br>Montgomery, Alabama 36123 | Bankruptcy Administrator<br>U.S. Bankruptcy Administrator<br>Attn: Teresa R. Jacobs<br>One Church Street<br>Montgomery, Alabama 36104 |
| CITGO Petroleum Corp.<br>Attn: Earl Gilbert<br>One Warren Place<br>Box 3758<br>Tulsa, Oklahoma 74102 | Counsel for Special Corporate Counsel<br>H. Dean Mooty Jr.<br>Mooty & Associates, P.C.<br>600 Clay Street<br>Montgomery, Alabama 36104 |
| Petrey<br>Attn: Cathy Tranum<br>P.O. Box 68<br>Petrey, Alabama 36062 | Marathon Petroleum Company, LLC<br>Attn: John E. Locker<br>3200 Pointe Parkway, Suite 200<br>Norcross, Georgia 30092 |
| Counsel for ExxonMobil Oil Corporation<br>Francis J. Lawall<br>Pepper Hamilton LLP<br>3000 Two Logan Square<br>18th and Arch Streets<br>Philadelphia, Pennsylvania 19103 | Coca-Cola Bottling Co., Ltd.<br>Attn: William Kaye<br>c/o JLL Consultants, Inc.<br>31 Rose Lane<br>East Rockaway, New York 11518 |
| Counsel for Colonial Bank, N.A.<br>Robert Sasser<br>Sasser, Bolton, Stidham & Sefton, P.C.<br>One Commerce Street, Suite 700<br>Post Office Drawer 4539<br>Montgomery, Alabama 36104-4539 | Counsel for ExxonMobil Oil Corporation<br>Bonnie M. Kistler<br>Pepper Hamilton LLP<br>3000 Two Logan Square<br>18th and Arch Streets<br>Philadelphia, Pennsylvania 19103 |

| Counsel for Colonial Bank, N.A. | Counsel for ExxonMobil Oil Corporation |
| --- | --- |
| Richard Wright<br>Miller, Hamilton, Snider, Odom, LLC<br>P.O. Box 46<br>Mobile, Alabama 36601 | Mark P. Williams<br>Norman, Wood, Kenrick and Turner<br>Financial Center, Suite 1600<br>505 Twentieth Street North<br>Birmingham, Alabama 35203 |
| Counsel for Oil Equipment Company, Inc.<br>Richard P. Carmody<br>Adams and Reese/Lange Simpson LLP<br>2100 3rd Avenue North, Suite 1100<br>Birmingham, Alabama 35203-3367 | Counsel for Colonial Bank, N.A.<br>Joel Connally<br>Sasser, Bolton, Stidham & Sefton, P.C.<br>One Commerce Street, Suite 700<br>Post Office Drawer 4539<br>Montgomery, Alabama 36104-4539 |
| Counsel for Capital Bank & McPherson Oil Company, Inc.<br>Kimberly B. Glass<br>Najjar Denaburg, P.C.<br>2125 Morris Avenue<br>Birmingham, Alabama 35203 | Counsel for Driftwood, Ltd.<br>Donald J. Stewart<br>Cabaniss, Johnston, Gardner, Dumas & O'Neal<br>63 South Royal Street, Suite 700<br>Mobile, Alabama 36602 |
| Counsel for Tiger Peg Capital Corporation<br>Mark P. Williams<br>Norman, Wood, Kenrick and Turner<br>Financial Center, Suite 1600<br>505 Twentieth Street North<br>Birmingham, Alabama 35203 | Counsel for Oil Equipment Company, Inc.<br>Michael B. Odom<br>Adams and Reese/Lange Simpson LLP<br>2100 3rd Avenue North, Suite 1100<br>Birmingham, Alabama 35203-3367 |
| Counsel for Phillips Oil, Inc.<br>Scott A. Remington<br>Clark, Partington, Hart, Larry, Bond & Stackhouse<br>125 West Romana Street, Suite 800<br>Pensacola, Florida 32591-3010 | Counsel for Capital Bank & McPherson Oil Company, Inc.<br>Robert H. Adams<br>Najjar Denaburg, P.C.<br>2125 Morris Avenue<br>Birmingham, Alabama 35203 |
| Counsel for The Pantry, Inc.<br>E. Lanny Russell<br>Smith Hulsey & Busey<br>225 Water Street, Suite 1800<br>Jacksonville, Florida 32202 | Counsel for Regions Bank<br>W. Clark Watson<br>Balch & Bingham LLP<br>1901 Sixth Avenue North, Suite 2600<br>Birmingham, Alabama 35203 |

| Counsel for BP Products North America, Inc. | Counsel for Phillips Oil, Inc. |
|---|---|
| Debra Sudock<br>Kelley Drye & Warren LLP<br>101 Park Avenue<br>New York, New York 10178 | Keith L. Bell, Jr.<br>Clark, Partington, Hart, Larry, Bond & Stackhouse<br>125 West Romana Street, Suite 800<br>Pensacola, Florida 32591-3010 |
| Counsel for Sells Pump Service, Inc.<br>Goodman G. Ledyard<br>Pierce Ledyard, PC<br>P.O. Box 36616<br>Mobile, Alabama 36616 | Counsel for Aliant Bank<br>Burt W. Newsome<br>Nelson, Dorroh ,Newsome, LLC<br>P.O. Box 1788<br>2216 14th Street<br>Tuscaloosa, Alabama 35401 |
| Counsel for Sells Pump Service, Inc.<br>Jenna D. Chappell<br>Pierce Ledyard, PC<br>P.O. Box 36616<br>Mobile, Alabama 36616 | Cahaba Capital Advisors, LLC<br>Attn: Phyllis Turnham Paramore<br>2 20th Street North, Suite 1400<br>Birmingham, Alabama 35203 |